NATHAN BREWSTER *vs.* ALLYN M. COLEGROVE AND OTHERS.

Where the allegations of a bill in equity are sufficient to give a court of equity jurisdiction, and the case goes to a hearing upon its merits and the facts are found, the jurisdiction is not defeated by the fact that the finding shows that the petitioner had adequate remedy at law.

BILL IN EQUITY; brought to the Superior Court in Middlesex County. Facts found and case reserved for advice. The point decided by the court will be sufficiently understood without a statement of the facts.

*A. P. Hyde* and *S. L. Warner*, for the petitioner.

*T. E. Doolittle*, for the respondents.

PARK, C. J. The bill in this case prays for a discovery, and for the delivery of certain railroad bonds to the petitioner, and contains sufficient allegations to lay the foundation for such a prayer. The respondents in their answer deny the right of the petitioner to the bonds in question, and a long hearing was had upon the facts before a committee appointed by the Superior Court. The committee found the facts against the respondents and made a report accordingly, and then, for the first time, the petitioner was met with the claim, that on the facts found by the committee the petitioner had adequate remedy at law, and therefore could not sustain his bill.

It is manifest that the Superior Court had jurisdiction of the matters set up in the bill, and up to the point of the report made by the committee. And such being the fact, we think the case comes within the principle of *Downes* v. *Bristol*, 41 Conn., 274, and *City of Hartford* v. *Chipman*, 21 Conn., 488. In the former case the petitioner charged the respondents with fraud in an exchange which had been made of certain lands belonging to the petitioner, for certain building lots belonging to the respondents, by means of a false representation by the respondents that the lots were sewered, and sought to set aside the exchange upon that ground. The court found

that the representation was honestly made, and that a certain sum of money would provide the sewer. This court held, that although there would be adequate remedy at law upon the facts found, still as equity had rightfully assumed jurisdiction of the case, it would continue to hold it and grant relief.

In the case of *City of Hartford* v. *Chipman* the defendants in error, who were the petitioners in the suit, had sold certain lands in the city, and warranted them to be free from all incumbrance. The grantees afterwards ascertained that the city claimed a lien on them for certain improvements which it had made in the streets in front of them, and therefore refused to pay a part of the consideration money agreed. The grantors claimed that the lien was invalid, and in a bill brought by them *quia timet* against the city to remove the cloud upon the title, it was found by the court that the lien was invalid. The petitioners were then met with the claim that they had adequate remedy at law against their grantees; that there being no incumbrance upon the land there could be no defence to an action at law for the price of it. But this court held that the claim came too late under all the circumstances of the case, and granted the relief sought. See also 1 Story Eq. Juris., § 464; *Post* v. *Kimberly*, 9 Johns., 470, 493.

We advise the Superior Court to grant the prayer of the petition.

In this opinion the other judges concurred.